## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

KEIRON KENNETH        )
HOLMES, SR.,          )
                      )
      Plaintiff,      )
                      )
v.                    )                   CV424-028
                      )
CHATHAM COUNTY        )
DETENTION CENTER, *et al.*,   )
                      )
      Defendants.     )

## <u>ORDER</u>

On March 22, 2024, the Court dismissed *pro se* plaintiff Keiron Kenneth Holmes, Sr.'s Complaint because he failed to comply with the Court's Order that he return certain forms to proceed *in forma pauperis* and file an Amended Complaint. *See* doc. 10. Later on the same day, the Court received Holmes' Objection to its February 9, 2024 Report and Recommendation, doc. 5, asserting that he had not received it until March 16, 2024, *see* doc. 11. The Court addresses the substance of his filing below.

The original Complaint in this case asserted claims on behalf of several inmates at the Chatham County Detention Center. *See generally*

doc. 1.  The Court recommended that the plaintiffs, other than Holmes, be dismissed, as the Prison Litigation Reform Act precludes them from pursuing their claims jointly.  *See* doc. 5 at 6.  The District Judge adopted that recommendation and dismissed the plaintiffs, other than Holmes. *See* doc. 9.  Holmes' Objection, perhaps, attempts to distinguish joinder of multiple plaintiffs from a class action.  *See* doc. 11 at 1.  Holmes' Objection lacks merit for two reaons.  First, he cannot assert objections on behalf of any other plaintiff.[1]  *See, e.g., Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) ("The right to appear *pro se* . . . is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others.").  Second, to the extent that Holmes does distinguish between joinder and proceeding as a class, *compare* Fed. R. Civ. P. 20, *with* Fed. R. Civ. P. 23, no class-based claims were dismissed, *see* doc. 9, and, moreover, "it is plain error to permit an imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action," *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (internal citation and quotations omitted).  To the

---

[1] Holmes' Objection purportes to assert obejctions on behalf of "[a]ll Plaintiffs."  *See* doc. 11 at 1.  However, only Holmes has signed it.  *Id.*

extent that Holmes' Objection relates to the dismissal of other parties' claims, whether those parties were joined purusuant to Rule 20 or sought certification as a class pursuant to Rule 23, it is improper and meritless.

Holmes' statement that he did not receive the Court's Order instructing him to return the forms related to his proceeding *in forma pauperis*, on his own behalf, and directing him to submit an Amended Complaint, limited to asserting his own claims, is not meritless. Holmes requests, as an alternative to certification of this as a class action, "a chance to amend [the] complaint." Doc. 11 at 1. The Federal Rules permit the Court to extend a deadline, after it has expired, "on motion . . . if the party has failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Since it appears that Holmes submitted the Objection on the day after he contends he received a copy of the Court's Order and Report and Recommendation, it does not appear that there has been any "neglect" at all. *See* doc. 11 at 1. The Court, therefore, **GRANTS** his request for an extension of his deadline to comply with the Order's instructions. *See* doc. 6 at 4-5, 6-7. The Order dismissing his case is **VACATED**. Doc. 10.

Accordingly, Holmes is **DIRECTED** to complete and return the Prisoner Trust Fund Account Statement and Consent to Collection of Fees from Trust Account forms, as previously instructed.  *See* doc. 6 at 4-5.  The Clerk of Court is **DIRECTED** to serve along with a copy of this Order (1) a Prisoner Trust Account Statement form, and (2) the Consent to Collection of Fees from Trust Account form.  Holmes is further **DIRECTED** to file an Amended Complaint, asserting only his own claims, as previously instructed.  *Id.* at 6-7.  The Clerk is **DIRECTED** to sent Holmes a blank copy of Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)) with this Order for Holmes' convenience.  Holmes is **DIRECTED** to submit the forms and the Amended Complaint by no later than April 5, 2024.

To be clear, Holmes must comply with **ALL** of the above instructions for his case to proceed.  That is, he must return the executed Prisoner Trust Account Statement and the Consent to Collection of Fees from Trust Account to the Clerk within fourteen days of the date this Order is served **AND** submit an Amended Complaint removing all

references to any other individual's claims.  Failure to fully comply with these instructions may result in dismissal.  *See, e.g.,* Fed. R. Civ. P. 41(b).

**SO ORDERED,** this 22nd day of March, 2024.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA