# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| KEIRON KENNETH HOLMES, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CV424-028 |
| ) | |
| CHATHAM COUNTY ) | |
| DETENTION CENTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

The original Complaint in this case asserted claims on behalf of several inmates at the Chatham County Detention Center. *See generally* doc. 1. The Court recommended that the plaintiffs, other than Holmes, be dismissed, as the Prison Litigation Reform Act precludes them from pursuing their claims jointly. *See* doc. 5 at 6. The District Judge adopted that recommendation and dismissed the plaintiffs, other than Holmes. *See* doc. 9. The Court granted Holmes an extension of the deadline to comply with its instructions to return several forms required to proceed *in forma pauperis* and to submit an Amended Complaint. *See* doc. 12. Holmes has not fully complied with the Court's instructions concerning

the forms and his Amended Complaint fails to state any claim upon which relief can be granted.

The Court's prior Order was clear that Holmes was required to submit both the Prisoner Trust Fund Account Statement and Consent to Collection of Fees from Trust Account forms and to submit an amended complaint. *See* doc. 12 at 4-5. The Court expressly warned him that "[f]ailure to fully comply with these instructions may result in dismissal." *Id.* at 5. Holmes has returned the Prisoner Trust Fund Account Statement, doc. 13, and submitted an Amended Complaint, doc. 23. He has not, however, returned the Consent to Collection of Fees from Trust Account form. *See generally* docket. He has, therefore, failed to comply with the Court's Order.

A district court retains the inherent power to police its docket and to enforce its orders. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006). Under the Federal Rules of Civil Procedure, a complaint may be dismissed either for failure to prosecute or for failure to comply with an order of the

court. Fed. R. Civ. P. 41(b). Additionally, this Court's Local Rules provide that the Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court." S.D. Ga. L.R. 41.1(b), (c). Holmes' failure to properly execute and return the required form warrants dismissal. *See Brown,* 205 F. App'x at 802 ("Dismissal pursuant to Rule 41(b) upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Even if the Court excused Holmes' failure to submit the required form and screened his Amended Complaint, it fails to state a claim and is, therefore, properly dismissed. *See* 28 U.S.C. § 1915A(b)(1). Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Holmes is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted

3

by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

The factual allegations, such as they are, in Holmes' Amended Complaint are entirely conclusory. He alleges that "all defendants and / or staff" violated his rights by failing to properly respond to grievances and failing to "change" unspecified conditions in response to a previously filed lawsuit. Doc. 23 at 5. Despite specifically identifying four defendants, *see id.* at 2-3, there is not even a hint about when those defendants might have allegedly ignored Holmes' grievances or failed to address the unspecified allegedly deficient conditions. *See generally id.* The allegations in the Amended Complaint do not come close to stating any viable claim. *See, e.g., Iqbal*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (internal quotation marks and citation omitted)).

Even if the Amended Complaint alleged some facts concerning the alleged failure to respond to Holmes' grievances, such a failure does not violate any of his constitutional rights. There is no constitutional right

to jail grievance procedures, so any procedural problems arising from a prison's processing of grievances cannot support relief under § 1983. *See Baker v. Rexroad*, 159 F. App'x 61, 62 (11th Cir. 2005); *see also, e.g., Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). Similarly, violations of internal or administrative polices do not violate due process rights or any other constitutional right. *See, e.g., Malone v. Bailey*, 2020 WL 8172706, at *2 (S.D. Ga. Dec. 22, 2020) ("[A]n allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted." (internal quotation marks and citation omitted)); *Cook-Bey v. Jackson*, 2019 WL 3213718, at *6 (M.D. Ala. June 12, 2019) ("Infringements of agency rules, regulations, policies or procedures do not, without more, amount to constitutional violations," and collecting cases).

Holmes' failure to comply with the Court's instructions merits dismissal. However, regardless of Holmes' procedural failure, his Amended Complaint, doc. 23, fails to state any claim upon which relief

may be granted.  It is, therefore, **DISMISSED**.  28 U.S.C. § 1915A(b)(1).

The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED,** this 22nd day of April, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA